# EXHIBIT
# "A"

# REGISTER OF ACTIONS
## CASE NO. 2021DCV3002

| | |
|---|---|
| REYES TENA MARTINEZ vs. SAIA MOTOR FREIGHT LINE LLC., dba SAIA LTL FREIGHT and KELLY COLBURN §§§§§§ | Case Type: **Other Injury or Damage**<br>Date Filed: **08/27/2021**<br>Location: **County Court at Law 6** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **COLBURN, KELLY** | |
| **Defendant** | **SAIA MOTOR FREIGHT LINE LLC., DBA SAIA LTL FREIGHT** | |
| **Plaintiff** | **TENA MARTINEZ, REYES** | CONNIE J FLORES<br>*Retained*<br>915-308-1000(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 08/27/2021 | **Original Petition (OCA)**    Index # 1 | | |
| 08/27/2021 | **E-File Event Original Filing** | | |
| 09/01/2021 | **Citation** | | |
| | SAIA MOTOR FREIGHT LINE LLC., DBA SAIA LTL FREIGHT | Unserved | |
| | COLBURN, KELLY | Served | 10/13/2021 |
| | | Returned | 11/01/2021 |

El Paso County - County Court at Law 6

Filed 8/27/2021 2:38 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV3002

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| REYES TENA MARTINEZ | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Cause No.: 2021-DCV-\_\_\_\_ |
| | § | |
| SAIA MOTOR FREIGHT LINE LLC., dba | § | |
| SAIA LTL FREIGHT and | § | |
| KELLY COLBURN | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW REYES TENA MARTINEZ (hereinafter "Plaintiff"), complaining of

KELLY COLBURN (hereinafter referred to as "Defendant COLBURN") and SAIA MOTOR

FREIGHT LINE LLC., dba SAIA LTL FREIGHT (hereinafter referred to as "Defendant

SAIA"), and for a cause of action would show this Honorable Court and Jury the following:

### I.   DISCOVERY CONTROL PLAN

1.   Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

### II.   PARTIES, JURISDICTION, AND VENUE

2.   Plaintiff TENA REYES MARTINEZ is a resident of El Paso County, Texas. The

last three numbers of Plaintiff's Driver's License are 659.

3.   Defendant SAIA MOTOR FREIGHT LINE LLC., dba SAIA LTL FREIGHT is a

foreign corporation and may be served with process by serving its registered agent, C T

CORPORATION SYSTEM or any other authorized officer or agent therein at 1999 Bryan St., Ste.

900, Dallas, Texas 75201 and/or wherever they may be found.

4.      Defendant KELLY COLBURN an individual who is a nonresident of Texas and whose home is located at 4130 SE 210th St., Atlanta, KS 67008 may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, as Defendant's agent for service because Defendant was a party to a collision while operating a motor vehicle in Texas.

5.      This Court has jurisdiction over the parties.

6.      Venue is proper in El Paso County under Texas Civil Practice & Remedies Code § 15.002(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Hudspeth County.

### III.    MISNOMER/ALTER EGO

7.      In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein

### IV.    FACTS

8.      The injuries and damages suffered by Plaintiff and made the basis of this claim arose out of an occurrence on or about September 17, 2019, in Hudspeth County, Texas. At such time and place, Plaintiff while on the scope of work, was pursuing a subject on foot traveling east on I-10 near marker 106. Defendant COLBURN was operating a tractor trailer for Defendant SAIA traveling east when he struck Plaintiff. Defendant COLBURN failed to operate the vehicle in a safe manner. Defendant SAIA's driver was in control of the tractor trailer and failed to ensure the safety of others, including Plaintiff, while operating the tractor trailer. As a result of this incident, Plaintiff sustained substantial physical injuries and damages.

## V.   NEGLIGENCE OF DEFENDANT KELLY COLBURN

9.   Defendant COLBURN owed a reasonable degree of care to Plaintiff.  Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant COLBURN arising from one or more of the following alternative theories of negligence:

a.   Operating a commercial vehicle in the United States without qualifying under the Federal Motor Carrier Safety Act.
b.   Negligent operation of a commercial motor driven vehicle.
c.   Failure to use due care in operating a commercial motor vehicle.
d.   Failure to operate a commercial motor vehicle with sufficient caution.
e.   Failure to follow regulations as promulgated by the Federal Motor Carrier Safety Administration.
f.   Operating a commercial vehicle in the United States without reasonable qualifications, training, testing, and experience.
g.   Operating a commercial vehicle when not qualified to do so.
h.   Violation of FMCSR § 390.5.
i.   Violation of FMCSR § 390.9.
j.   Violation of FMCSR § 390.11.
k.   Violation of FMCSR § 390.13.
l.   Violation of FMCSR § 390.15.
m.   Violation of FMCSR § 391.1.
n.   Violation of FMCSR § 391.11.
o.   Violation of FMCSR § 391.13.
p.   Violation of FMCSR § 391.21.
q.   Violation of FMCSR § 391.23.
r.   Violation of FMCSR § 391.25.
s.   Violation of FMCSR § 391.27.
t.   Violation of FMCSR § 391.31.
u.   Violation of FMCSR § 391.41.
v.   Violation of FMCSR § 391.43.
w.   Violation of FMCSR § 391.45.
x.   Violation of FMCSR § 392.2.
y.   Violation of FMCSR § 392.3.
z.   Violation of FMCSR § 392.4.
aa.   Violation of FMCSR § 392.6.
bb.   Violation of FMCSR § 392.7.
cc.   Violation of FMCSR § 395.3.
dd.   Other violations of the FMCSR that may be discovered.
ee.   Failure to use due care in operating a motor vehicle. Transportation Code §



545.351.

ff.    Failure to drive at a speed in compliance with the posted speed limit. Transportation Code § 544.004.

gg.    Failure to drive within statutory speed limit. Transportation Code § 546.206 and § 545.351.

hh.    Failure to maintain a safe distance. Transportation Code § 545.062(a).

ii.    Failure to operate a motor vehicle at a speed which was reasonable and prudent under the conditions. § 545.351.

jj.    Failure to control speed. Transportation Code § 545.062.

kk.    Failure to change lane in a movement that can be done safely. Transportation Code § 545.060.

ll.    Failure to driver exercise due care to avoid colliding with a pedestrian on a roadway. Transportation Code § 552.008

mm.    Failure to give warning by sounding the horn when necessary. Transportation Code § 552.008

nn.    Failure to keep a proper lookout.

oo.    Failure to pay attention.

pp.    Failure to take proper evasive action.

qq.    Failure to safely apply brakes to avoid a collision.

rr.    Failure to turn to the left or right to avoid a collision.

ss.    Failure to honk and give adequate warning of the impending danger.

tt.    Failure to warn of the dangers.

uu.    Failure to use due care and caution under the circumstances then existing.

10.    Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiffs' damages. Furthermore, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced, or additional injuries and damages to Plaintiffs that would have not been sustained but for one or more of the foregoing acts or omissions.

## VI.    NEGLIGENCE PER SE OF DEFENDANT HECTOR GABRIEL CHAVARRIA

11.    Said collision and Plaintiff's damages were proximately caused by Defendant Kelly Colburn violations of the laws of the State of Texas and of the United States of America, constituting negligence per se. Specifically, Defendant Kelly Colburn conduct violated § 545.351

§ 544.004, §546.206, § 545.351, § 545.062(a), § 545.062, §545.060 and § 552.008 of the Texas Transportation Code and § 390.5, § 390.9, § 390.11, §390.13, § 390.15 § 391.11, § 391.13, § 391.21, § 391.23, § 391.25, § 391.27, § 391.31, § 391.41, § 391.43, § 391.45, § 392.2, § 392.3, § 392.4, § 392.6, § 392.7, and § 395.3 of the Federal Motor Carrier Safety Regulations.

## VII.    NEGLIGENCE OF DEFENDANT SAIA MOTOR FREIGHT LINE, LLC. DBA SAIA LT FREIGHT

12.    Alternatively, and without waiving the foregoing, Defendant SAIA is liable under and as the statutory employers under the Federal Motor Carrier Safety Regulations for the acts and omissions of Defendant KELLY COLBURN.

13.    Alternatively, and without waiving the foregoing, said occurrence and Plaintiffs' injuries and damages were proximately caused by the direct negligence of Defendant SAIA its agents, servants, and employees. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence and/or gross negligence on the part of Defendant SAIA:

a.    Failure to properly educate, instruct, and supervise Defendant KELLEY COLBURN in the performance of his duties.
b.    Failure to supply adequate and reasonably competent drivers and workers.
c.    Failure to provide adequate training to its drivers in the operation of his vehicle;
d.    Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;
e.    Negligent hiring, supervision, retention, training, and entrustment;
f.    Failing to exercise reasonable care in the selection and monitoring of its drivers;
g.    Failure to provide training, which met industry standards;
h.    Failure to provide proper safety manuals and instructions to drivers;
i.    Failing to enforce its safety policies, if any, provided to its drivers;
j.    Violating Federal Motor Carrier Safety Regulations §390.1, §392.3, §392.9(a)(2), §391.21, §391.23, §391.25, §932.2, §390.3e(2), §390.35, §395.3, §395.8, §396 and FMCSR Part 376.
k.    Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.

l.    Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.

m.    By entrusting the operation of its commercial motor vehicle, which was under their control, to Defendant KELLEY COLBURN.

n.    By allowing Defendant KELLEY COLBURN to operate a commercial motor vehicle on the public streets of Texas and in particular, at the location referred to above, when they knew or should have known that Defendant KELLEY COLBURN was unfit and unskilled to operate a commercial motor vehicle.

o.    Failing to properly screen its applicants for driver certification.

p.    Failing to comply with the US Department of Transportation rules and regulations for commercial drivers in permitting Defendant KELLEY COLBURN to drive.

14.    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiff's injuries and damages that are described hereinafter with more particularity. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

15.    Plaintiff would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. As a result of Defendants' gross negligence, Plaintiff is entitled to punitive damages.

## VIII.   NEGLIGENT ENTRUSTMENT OF DEFENDANT SAIA MOTOR FREIGHT LINE, LLC DBA SAIA LTL FREIGHT

16.    Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant saia, Plaintiff alleges that the collision and Plaintiff's damages were caused by one or more of the following alternative

theories of negligence on the part of Defendant SAIA:

1. That on September 17, 2019, Defendant SAIA was negligent per se by entrusting the control and operation of the tractor trailer, which was under its ownership and control, to Defendant KELLY COLBURN.
2. Allowing Defendant KELLY COLBURN to operate the vehicle on the public streets of Hudspeth County, Texas, and in particular, at the location referred to above, when they knew or should have known that Defendant KELLY COLBURN was unfit, incompetent, reckless and unskilled to operate the vehicle.
3. Entrusting a vehicle to an unlicensed, incompetent or reckless driver when Defendants knew or should have known that the driver was unlicensed, incompetent, or reckless.

## IX. RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF DEFENDANT SAIA MOTOR FREIGHT LINE, LLC DBA SAIA LTL FREIGHT

17.     Alternatively and without waiving the foregoing, at the time of the incident in question, Defendant COLBURN was an employee/agent acting within the course and scope of employment for Defendant SAIA. Plaintiff would show that Defendant SAIA is liable for the damages and injuries which were caused by the negligence of Defendant COLBURN, its employees, agents and representatives. Defendant saia is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job over whom Defendant retained control. Defendant SAIA had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant SAIA. Defendant is legally responsible for the actions and inactions of the motor vehicle operator under the theory of respondeat superior.

## X. PLAINTIFF'S DAMAGES

18.     As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of Defendants and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by

Plaintiffs, and the charges made and to be made were usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

19.     Plaintiff has suffered pain and suffering in the past, and will continue to suffer pain and suffering in the future.  Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement. Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future.

20.     The amount of Plaintiffs' damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex. R. Civ. P. 47(c)(1) and affirmatively plead that the monetary damages sought will fall within the limits set out in Tex. R. Civ. P. 47(c)(5). Plaintiffs also seek judgment for all other relief to which Plaintiffs are entitled. Plaintiffs reserve the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff is seeking monetary relief over $250,000.00 but not more than $1,000,000.00.

*Reyes Tena Martinez v. SAIA, et al*
PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

## XI.   PUNITIVE DAMAGES

21.    Plaintiff would show that the acts and omissions of Defendants, their agents, employees, and representatives, constitute reckless, willful, fraudulent, wanton or in bad faith conduct. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their reckless and willful, fraudulent, wanton or in bad faith conduct and to set an example for others that such conduct will not be tolerated.

## XII.   PREJUDGMENT AND POST-JUDGMENT INTEREST

22.    Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIII.   JURY DEMAND

23.    Plaintiff respectfully requests a trial by jury of the issues in this case.

## XIV.   TRIAL EVIDENCE

24.    Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XV.   CONCLUSION AND PRAYER

25.    WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

FLORES, TAWNEY & ACOSTA P.C.

*/s/ Connie J. Flores*
**CONNIE J. FLORES**
TX State Bar No.: 24067828
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
Cflores@ftalawfirm.com
***ATTORNEY FOR PLAINTIFF***

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY
Deputy

OCT 18 2021



### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lizette Morales on behalf of Concepcion Flores
Bar No. 24067828
lmorales@ftalawfirm.com
Envelope ID: 56742103
Status as of 8/30/2021 10:19 AM MST

Associated Case Party: REYES TENA MARTINEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Connie J.Flores | | cflores@ftalawfirm.com | 8/27/2021 2:38:23 PM | SENT |
| Lizette Morales | | lmorales@ftalawfirm.com | 8/27/2021 2:38:23 PM | SENT |
| Rosie Muro | | rmuro@ftalawfirm.com | 8/27/2021 2:38:23 PM | SENT |



## THE STATE OF TEXAS

Filed on September 1, 2021
4:52 PM
Norma Favela Barceleau
District Clerk
El Paso County, Texas

Aguirre, Clarisa

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **SAIA MOTOR FREIGHT LINE L.L.C., dba SAIA LTL FREIGHT** who may be served with process by serving its registered agent, CT CORPORATION SYSTEM or any other authorized officer or agent therein at **1999 Bryan St., Ste. 900, Dallas, TX 75201** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 27th day of August, 2021, by Attorney at Law, CONNIE J. FLORES, 906 N. MESA ST. 2ND FLOOR, EL PASO, TX  79902 in this case numbered **2021DCV3002** on the docket of said court, and styled:

**REYES TENA MARTINEZ**
**VS**
**SAIA MOTOR FREIGHT LINE L.L.C., DBA SAIA LTL FREIGHT AND KELLY COLBURN**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 1st day of September, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest:   <u>NORMA FAVELA BARCELEAU</u>   District Clerk
El Paso County, Texas

By <u>Clarisa Aguirre</u>, Deputy
Clarisa Aguirre



Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition and Jury Demand**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____ by _____, Deputy

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____
Deputy
OCT 18 2021



## THE STATE OF TEXAS

Filed on September 1, 2021
**4:51 PM**
Norma Favela Barceleau
District Clerk
El Paso County, Texas

Aguirre, Clarisa

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO: **KELLY COLBURN,** who may be served with process by serving the Chairman of the Texas Transportation commission at **125 E. 11TH STREET, AUSTIN, TX 78701,** who shall then forward a copy to Kelly Colburn at **4130 SE 210TH ST., ATLANTA, KS 67008** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 27th day of August, 2021, by Attorney at Law, CONNIE J. FLORES, 906 N. MESA ST. 2ND FLOOR, EL PASO, TX 79902 in this case numbered **2021DCV3002** on the docket of said court, and styled:

**REYES TENA MARTINEZ**
**VS**
**SAIA MOTOR FREIGHT LINE L.L.C., DBA SAIA LTL FREIGHT AND KELLY COLBURN**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 1st day of September, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: ___NORMA FAVELA BARCELEAU___ District Clerk
El Paso County, Texas

By _____, Deputy
Clarisa Aguirre



Rule 106: "the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____ , 20 ____ , at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition and Jury Demand**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____ _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____ by _____ , Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____ , on the _____ day of _____

20 ____ , at _____ o'clock ___m. this copy of this instrument.

_____ , Sheriff/Agent

_____ County, Texas

By _____ , Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____ , 20 ____ .

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

OCT 18 2021

El Paso County - County Court at Law 6

Filed 11/1/2021 3:25 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV3002

Cause No.: 2021DCV3002     {}     In the County Court 6
    {}     EL PASO County
    {}

Plaintiff:
REYES TENA MARTINEZ

Defendant:
SAIA MOTOR FREIGHT LINE LLC
DBA LTL FREIGHT ET AL

Officer's Return

Came to hand October 12, 2021 at 2:45 P.M. and executed in Travis County,
Texas, on October 13, 2021 at 4:30 P.M. by delivering to KELLY COLBURN by
delivering to J BRUCE BUGG JR Chairman of the Texas Transportation
Commission, at 125 E. 11th Street, Austin, Texas, 78701, by delivering to
STACY DEAL designated agent for the Chairman of the Texas Transportation
Commission, duplicate true copies of the citation together with duplicate
copies of the Plaintiff's ORIGINAL petition AND JURY DEMAND.

Carlos B. Lopez,
Travis County Constable Precinct 5
Travis County, Texas

by: _____
Michael Untermeyer, Deputy

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____
11/5/2021 Deputy

# THE STATE OF TEXAS



NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **KELLY COLBURN,** who may be served with process by serving the Chairman of the Texas Transportation commission at **125 E. 11TH STREET, AUSTIN, TX 78701,** who shall then forward a copy to Kelly Colburn at **4130 SE 210TH ST., ATLANTA, KS 67008** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 27th day of August, 2021, by Attorney at Law, CONNIE J. FLORES, 906 N. MESA ST. 2ND FLOOR, EL PASO, TX 79902 in this case numbered **2021DCV3002** on the docket of said court, and styled:

### REYES TENA MARTINEZ
### VS
### SAIA MOTOR FREIGHT LINE L.L.C., DBA SAIA LTL FREIGHT AND KELLY COLBURN

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 1st day of September, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas
By _____    ✱ Deputy
Clarisa Aguirre

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the
date of delivery endorsed thereon and with a copy of the petition attached thereto."



Pd# 80.00 ck# 4790

**RETURN**

Came on hand on _____ day of _____, 20_____, at _____ o'clock ____M., and executed
in _____ County, Texas, by delivering to each of the within-named defendants,
in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying
true and correct copy of the **Plaintiff's Original Petition and Jury Demand**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|-----|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

     FEES—SERVING _____ copy _____ $ _____ _____ Sheriff

              _____ _____ County, Texas

     Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____ o'clock ____m. this copy of this instrument.

                              ~~Carlos B. Lopez~~     Sheriff/Agent
                           Constable Pct. 5, Travis County, Texas   County, Texas

                           By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

      **(SEAL)**

                            _____

                            **NOTARY PUBLIC, STATE OF TEXAS**



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

ROSA MURO on behalf of Concepcion Flores
Bar No. 24067828
rmuro@ftalawfirm.com
Envelope ID: 58735573
Status as of 11/3/2021 12:07 PM MST

Associated Case Party: REYES TENA MARTINEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Connie J.Flores | | cflores@ftalawfirm.com | 11/1/2021 3:25:23 PM | SENT |
| Lizette Morales | | lmorales@ftalawfirm.com | 11/1/2021 3:25:23 PM | SENT |
| Rosie Muro | | rmuro@ftalawfirm.com | 11/1/2021 3:25:23 PM | SENT |

